```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

**JUSTIN DEVONTERRIOUS JONES**     \*
**(#297490),**                      \*
                                    \*
    Plaintiff,  \*
                                    \* CIVIL ACTION NO. 20-00425-TFM-B
vs.                                 \*
                                    \*
**CYNTHIA STEWART**, *et al.*,      \*
                                    \*
    Defendants.

## REPORT AND RECOMMENDATION

This action is before the Court on review.[1] On August 27, 2020, Plaintiff, Justin Devonterrious Jones, an Alabama prison inmate proceeding *pro se*, filed a complaint in this Court seeking relief under 42 U.S.C. § 1983. (Doc. 1). In an order dated September 17, 2020, the Court observed that, when Jones initially filed this action, he did not pay the statutory filing fee,[2] nor did he file a motion to proceed without prepayment of fees. (Doc. 3). Accordingly, Jones was ordered to file a motion to proceed

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

[2] A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a). As of December 1, 2016, the Judicial Conference also imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*. 28 U.S.C. § 1914, Jud. Conf. Schedule of Fees, No. 14. See Jones v. Mack, 2019 WL 1811056, \*5 (S.D. Ala. Apr. 3, 2019), *report and recommendation adopted*, 2019 WL 1810995 (S.D. Ala. Apr. 24, 2019).

without prepayment of fees by October 13, 2020. (Id.). He was cautioned that failure to timely comply with the Court's directive would result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.[3] (Id.).

To date, Jones has filed no response to the Court's order, nor has he paid the filing fee or filed a motion to proceed without prepayment of fees. Moreover, the Court's order has not been returned as undeliverable, nor is there any other indication that the order was not delivered to him.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscaping Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009)(quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d

---

[3] At the time that Jones signed his complaint on April 30, 2020, he indicated that he was being housed at Limestone Correctional Facility. (Doc. 1). However, at the time of the Court's order on September 17, 2020, the Alabama Department of Corrections website indicated that Jones was incarcerated at Fountain Correctional Center. He remains incarcerated at Fountain Correctional Center at this time. See http:// www.doc.state.al.us/InmateInfo. Out of an abundance of caution, the Court instructed the Clerk to mail a copy of the Court's September 17, 2020, order to Jones at both correctional facilities. (Doc. 3).

2

1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.

Due to Jones' failure to prosecute this action, failure to pay the filing fee, and failure to comply with the Court's order to file a motion for leave to file without prepayment of fees, and upon consideration of the alternatives that are available to this Court, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no other lesser sanction will suffice.

If Jones disputes the Court's finding of failure to pay the statutory filing fee or to file a motion to proceed without prepayment of fees and desires to proceed with the litigation of this action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay the filing fee or failure to file a motion to proceed without prepayment of fees. <u>Wilson v. Sargent</u>, 414 F.3d 1315, 1320 (11th Cir. 2002)(citing to <u>Hatchet v. Nettles</u>, 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

4

informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **December, 2020.**

            **/s/ SONJA F. BIVINS**
          **UNITED STATES MAGISTRATE JUDGE**